UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL SMITH,

            Plaintiff,

v.

TAMMY NICKULA, DENNIS CHERRY, PAT GLEBE, JOHN DOE, JANE DOE,

            Defendants.

CASE NO. C12-5774 RBL-KLS

ORDER FOR SERVICE OF CIVIL RIGHTS COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Accordingly, it is **ORDERED**:

(l) <u>Service by Clerk</u>

The Clerk is directed to send the following to the named defendants by first class mail: a copy of Plaintiff's Complaint, a copy of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

(2) <u>Response Required</u>

Defendants shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns a signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

1   A defendant who fails to timely return a signed waiver will be personally served with a

2  summons and complaint, and may be required to pay the full costs of such service, pursuant to

3  Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion

4  permitted under Rule 12 within **thirty (30) days** after service.

5   (3) Filing and Service by Parties, Generally

6   All attorneys admitted to practice before this Court are required to file documents

7  electronically via the Court's CM/ECF system.  Counsel are directed to the court's website,

8  www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

9  All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original

10 with the Clerk.  All filings, whether filed electronically or in traditional paper format, must

11 indicate in the upper right hand corner the name of the Magistrate Judge to whom the document

12 is directed.

13   For any party filing electronically, when the total of all pages of a filing exceeds fifty

14 (50) pages in length, a paper copy of the document (with tabs or other organizing aids as

15 necessary) shall be delivered to the Clerk's Office for chambers.  The chambers copy must be

16 clearly marked with the works "Courtesy Copy of Electronic Filing for Chambers."

17   Any document filed with the Court must be accompanied by proof that it has been served

18 upon all parties that have entered a notice of appearance in the underlying matter.

19   (4) Motions

20   Any request for court action shall be set forth in a motion, properly filed and served.

21 Pursuant to amended Local Rule CR 7(b), any argument being offered in support of a motion

22 shall be submitted as a part of the motion itself and not in a separate document.  The motion shall

23 include in its caption (immediately below the title of the motion) a designation of the date the

24 motion is to be noted for consideration upon the court's motion calendar.

ORDER FOR SERVICE OF CIVIL RIGHTS
COMPLAINT- 2

Stipulated and agreed motions, motions to file overlength motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in Local Rule CR 37(a)(1)(B), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* Local Rule CR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* Local Rule CR 7(d)(3).

All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *See also infra* § 4 (concerning filing and service in general).

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party files a paper original (*i.e.*, a pro se litigant and/or prisoner), that opposition must be received in the Clerk's office by 4:30 p.m. on the Monday preceding the date of consideration. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.

The party making the motion may file and serve, not later than 11:59 p.m. (if filing electronically) or 4:30 p.m. (if filing a paper original with the Clerk's office) on the date designated for consideration of the motion, a response to the opposing party's briefs and affidavits.

    (5)    <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Fed. R. Civ. P. 12 and motions for summary judgment pursuant to Fed. R. Civ. P. 56 should acquaint themselves with those rules. As noted

1  above, these motions shall be noted for consideration no earlier than the fourth Friday following

2  filing and service of the motion.

3        Defendants filing motions to dismiss (for failure to exhaust administrative remedies) or

4  motions for summary judgment **MUST serve *Rand* and *Wyatt* notices concurrently with their**

5  **motions so that *pro se* prisoner plaintiff will have fair, timely and adequate notice of what is**

6  **required in order to oppose those motions.**  *Woods v. Carey*, 684 F.3d 934, 934 (**9th Cir.**

7  **2012).**  The Ninth Circuit set forth model language for such notices:

8      A motion for summary judgment under Rule 56 of the Federal Rules of Civil
       Procedure will, if granted, end your case.

9

10     Rule 56 tells you what you must do in order to oppose a motion for summary
       judgment.  Generally, summary judgment must be granted when there is no
       genuine issue of material fact – that is, if there is no real dispute about any fact

11     that would affect the result of your case, the party who asked for summary
       judgment is entitled to judgment as a matter of law, which will end your case.

12     When a party you are suing makes a motion for summary judgment that is
       properly supported by declarations (or other sworn testimony), you cannot simply

13     rely on what your complaint says.  Instead, **you must set out specific facts in**
       **declarations, depositions, answers to interrogatories, or authenticated**

14     **documents, as provided in Rule 56(e), that contradict the facts shown in the**
       **defendant's declarations and documents and show that there is a genuine**

15     **issue of material fact for trial.  If you do not submit your own evidence in**
       **opposition, summary judgment, if appropriate, may be entered against you.**

16     **If summary judgment is granted, your case will be dismissed and there will**
       **be no trial.**

17
*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*,

18
315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to

19
dismiss for failure to exhaust administrative remedies).  Notices may also note that "Local Rule

20
CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion for

21
summary judgment may be deemed by the court to be an admission that the opposition is without

22
merit."  **If Defendants fail to file and serve the *Rand* and *Wyatt* notice on the Plaintiff, in a**

23
**separate document concurrent with their motion, the motion may be stricken from the**

24

ORDER FOR SERVICE OF CIVIL RIGHTS
COMPLAINT- 4

**Court's docket with leave to refile once Defendants have complied with the notice requirement.**

(6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(7) <u>Clerk's Action</u>

The Clerk is directed to send copies of this Order and of the General Order issued by the Magistrate Judges to Plaintiffs. The Clerk is further directed to send copies of this Order and a courtesy copy of Plaintiffs' Complaint to the Washington State Attorney General's Office.

**DATED** this 14th day of September.

Karen L. Strombom
United States Magistrate Judge