1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10

DANIEL SMITH,

                              Plaintiff,

          v.

TAMMY NIKULA, DENNIS CHERRY,
PAT GLEBE, JOHN DOE, JANE DOE,

                              Defendants.

No. C12-5774 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  February 22, 2013**

11
12
13
14
15
16
17
18
19

          Before the Court is the Motion to Dismiss of Defendants Tammy Nikula, Dennis Cherry,

and Pat Glebe.  ECF No. 12.  Defendants maintain that Plaintiff Daniel Smith's civil rights

complaint must be dismissed for failure to state an injury, to plead facts sufficient to state a

claim, and to plead personal participation.  *Id.*, p. 2.  Defendants served Plaintiff with a "Pro Se

Prisoner Dispositive Motion Notice" consistent with *Woods v. Carey*, 684 F.3d 934, 940-41 (9th

Cir. 2012).  ECF No. 13.  Plaintiff filed a response in opposition.  ECF No. 14.  Defendants also

filed a motion to stay discovery pending resolution of this motion.  ECF No. 11.  That motion

was granted by separate Order.  ECF No. 15.

20
21
22

          Having carefully considered the motion and balance of the record, the Court recommends

that Defendants' motion be granted in part and denied in part as set forth herein.

23

**BACKGROUND**

24

**A.      Plaintiff's Allegations – Complaint (ECF No. 5)**

25
26

          At all times relevant to his Complaint, Mr. Smith was incarcerated at the Stafford Creek

Corrections Center (SCCC).  ECF No. 5, pp. 2-3.  His claims arise from an incident on May 10,

REPORT AND RECOMMENDATION - 1

2012, when Corrections Officer Tammy Nikula issued a serious infraction report against him. Mr. Smith alleges that Defendant Nikula falsely claimed that he was argumentative and assaultive when he gave her his I.D. card as she requested.  In her infraction report, Defendant Nikula stated that Mr. Smith threw the I.D. at her and it hit her on the foot.  *Id.*, p. 3.  Based on these allegations, Mr. Smith was charged with two serious infractions:  1) throwing objects (WAC 508) and 2) staff assault (704).

Mr. Smith spent six days in segregation and then was given a hearing.  He plead not guilty to both charges and requested footage of the unit cameras to prove that Defendant Nikula's allegations were false.  After review of the unit surveillance video, the hearing officer found Mr. Smith "not guilty" of both charges.  According to Mr. Smith, the hearing officer wrote in his report that the "Staff written report does not substantiate the violation and the video does not support the written report."  *Id.*, p. 4.  However, as a result of Defendant Nikula's accusations, Mr. Smith spent six days in segregation in conditions that he claims were atypical and caused significant hardship.  He also states that he lost his job.

On May 25, 2012, Mr. Smith filed a staff misconduct grievance (Log ID No. 1211247) against Defendant Nikula.  On July 11, 2012, the SCCC superintendent answered the grievance stating that the allegations were "under review" by the superintendent.  According to Mr. Smith, the time for answering the grievance has long since expired.  *Id.*, p. 4.

Mr. Smith alleges that when he talked to Defendant Cherry about Defendant Nikula's conduct, Defendant Cherry told him that "he was backing his officer" even though the surveillance tape disputed her allegations and showed that "she was lying."  *Id.*, p. 5.  Mr. Smith sues Defendants Cherry and Glebe because they negligently hired, trained and supervised Defendant Nikula.  *Id.*  Plaintiff claims that there is evidence that Defendant Nikula has similarly

REPORT AND RECOMMENDATION - 2

targeted and falsely infracted inmates for approximately ten years but nothing has been done to stop her.  *Id.*  Plaintiff alleges further that Defendants Cherry and Glebe were deliberately indifferent in light of evidence that Defendant Nikula had received poor performance evaluations, grievances filed against her, and monetary awards awarded for her unconstitutional conduct in the past.  *Id.*

Mr. Smith claims that Defendant Nikula's conduct violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments.  *Id.*, p. 3.  He seeks a declaratory judgment that Defendants' actions were illegal and unconstitutional, compensatory and punitive damages in the amount of $100,000, and attorney fees.  *Id.*, p. 3.

## DISCUSSION

A court will dismiss a claim if it lacks sufficient factual material to state a claim that is plausible on its face.  Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).  A complaint that merely restates the elements of a cause of action and is supported only by conclusory statements cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66.  When evaluating a motion to dismiss, a court is not required to accept as true factual allegations that are based on unwarranted deductions of fact or inferences that are unreasonable in light of the information provided in the complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court may, in its discretion, dismiss a prisoner's complaint with or without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969), *reh'g denied*, 396 U.S. 869, 90 S. Ct. 35 (1969);

REPORT AND RECOMMENDATION - 3

1  *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  Where a plaintiff is *pro se*, his

2  allegations must be viewed under a less stringent standard than allegations of plaintiffs

3  represented by counsel.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), *reh'g denied*, 405

4  U.S. 948, 92 S. Ct. 963 (1972).  While the court can liberally construe a plaintiff's complaint, it

5  cannot supply an essential fact an inmate has failed to plead.  *Pena v. Gardner*, 976 F.2d 469,

6  471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th

7  Cir. 1982)).  A motion to dismiss only admits, for the purposes of the motion, all well pleaded

8  facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d

9  385, 386 (10th Cir. 1976); *see also*, *Jones v. Community Redevelopment Agency*, 733 F.2d 646,

10  649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim

11  under 42 U.S.C. § 1983).

12          The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c)(1) requires:

13
14          The court shall on its own motion or on the motion of a party dismiss any action
            brought with respect to prison conditions under section 1983 of this title, or any
15          other Federal law, by a prisoner confined in any jail, prison, or other correctional
            facility if the court is satisfied the action is frivolous, malicious, fails to state a
16          claim upon which relief can be granted, or seeks monetary relief from a defendant
            who is immune from such relief.
17

18                                          **DISCUSSION**

19  **A.      42 U.S.C. § 1997e(e) Physical Injury Requirement**

20          The PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in

21  a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

22  custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

23

24

25

26

REPORT AND RECOMMENDATION - 4

This means that a prisoner may not obtain compensatory damages for mental or emotional injury if the "physical injury" is *de minimis. Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002). But the Ninth Circuit has held that to the extent that a plaintiff has actionable claims for compensatory, nominal, or punitive damages premised on violations of constitutional rights, and not on mental or emotional injuries, § 1997e(e) is not a bar to such claims. *Id.* at 630.

In *Oliver,* the plaintiff sought punitive damages and his complaint was construed to be "consistent with a claim for nominal damages." *Id.* at 630 (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*pro se* complaints are to be liberally construed)). The Court determined that a prisoner was entitled to seek compensatory, nominal, and punitive damages premised on violations of his Fourteenth Amendment rights and not on any alleged mental or emotional injuries. *Oliver*, 289 F.3d at 629-30; *see also Cannell v. Lightner,* 143 F.3d 1210, 1213 (9th Cir.1998) (§ 1997e(e) does not apply to First Amendment claims).

Thus, to the extent that Plaintiff has actionable claims for compensatory, nominal, and punitive damages based on violations of his Fourteenth Amendment rights, his claims are not barred by § 1997e(e). As described below, Plaintiff should be given an opportunity to submit an amended complaint as to his First and Eighth Amendment claims. However, to the extent Plaintiff is seeking compensatory damages for mental or emotional injury, the Plaintiff has not alleged any physical injury. Because Plaintiff is being given an opportunity to file an amended complaint, the undersigned does not recommend dismissal on this ground at this time.

**B.     Violation of Due Process**

"It is well-established that '[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.'" *Burnsworth v. Gunderson*, 179 F.3d 771, 774 (9th Cir. 1999) (*quoting Bd. of Regents*

*of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)).  "Under *Sandin*, a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.'" *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (*quoting Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).  "There is no single standard for determining whether a prison hardship is atypical and significant, and the 'condition or combination of conditions or factors [of the alleged hardship] ... requires case by case, fact by fact consideration.'"  *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir.2003), *quoting Keenan v. Hall*, 83 F.3d 1083, 1089 (9th cir. 1996).

While administrative segregation "typically ... in and of itself does not implicate a protected liberty interest," it may do so under certain circumstances.  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (holding that a handicapped inmate who was confined in administrative segregation for two months without use of his wheelchair suffered an atypical and significant hardship), *cert. denied*, 543 U.S. 825 (2004).  *See also, Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) (allegations of three-custody levels materially different from one another causing major disruption to prisoner's environment sufficiently plead section 1983 due process claim); *Ramirez*, 334 F.3d at 861 (reversing and remanding dismissal of due process claim for application of *Sandin* factors where prisoner alleged his segregated unit was overcrowded and violent, isolation severed ties with his family, he was required to participate in psychiatric programs, and he was in confinement for a period of two years).

*Sandin* makes clear that the focus of the liberty interest inquiry is whether the challenged condition imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 483-84.  "*Sandin* requires a factual comparison

between conditions in general population or administrative segregation (whichever is applicable) and disciplinary segregation, examining the hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a prisoner." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (citing *Resnick*, 213 F.3d at 448; *Duffy v. Riveland*, 98 F.3d 447, 457 (9th Cir. 1996); *Keenan*, 83 F.3d at 1088-89; *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996)). "What less egregious condition or combination of conditions or factors would meet the test requires case by case, fact by fact consideration." *Kennan*, 83 F.3d at 1089.

The factual comparison requires consideration of (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus was comparable to restrictions that are within the prison's discretionary authority; (2) the duration of the condition or confinement, and the degree of restraint imposed; and (3) whether the action will necessarily impact the duration of the prisoner's sentence. *Id.*; *Keenan*, 83 F.3d at 1089.

To the extent a protected liberty interest does exist, "[t]he quantum of process constitutionally due to segregated inmates depends upon whether the segregation is punitive or administrative in nature." *Stewart v. Alameida*, 418 F.Supp.2d 1154, 1165 (N.D. Cal. 2006). With respect to administrative segregation, the only procedures that due process requires are that: (1) "an informal nonadversary hearing" be held "within a reasonable time after the prisoner is segregated"; (2) the prisoner be informed of the charges against him or the prison officials' "reasons for considering segregation"; and (3) the prisoner be allowed "to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." *Toussaint*, 801 F.2d 1080, 1101 (9th Cir. 1986), *overruled on other grounds, Sandin,* 515 U.S., 115 S.Ct. 2293, 132 L.Ed. 2d 418. The prisoner is not entitled to a "detailed written notice of

REPORT AND RECOMMENDATION - 7

charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100-01 (citations omitted).

Here, Plaintiff has alleged that he "spent six days in segregation in conditions constituting an atypical and significant hardship in relation to the ordinary incidents of prison life."  ECF No. 5, p. 4.  He does not, however, describe how the conditions of his segregation differed from conditions in the disciplinary population.  Mr. Smith has failed to plead facts sufficient to allow a factual comparison between conditions in segregation and disciplinary population necessary to examine whether he has suffered conditions amounting to atypical and significant hardship in relation to the ordinary incidents of prison life.

Even assuming that Mr. Smith could amend his complaint to plead such facts, he does not allege that he was denied due process.  In fact, he alleges that he was given a hearing within six days, his request that the surveillance tape be reviewed was granted and, after reviewing the surveillance tape, the hearing officer agreed that he was not guilty.   Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss Plaintiff's due process claim be granted.

C.      **Eighth Amendment**

Prisoners claiming Eighth Amendment violations based on conditions of confinement are required to satisfy both an objective and subjective component to the claim.  *Hudson v. McMillian*, 503 U.S. 1, 5–6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  Under the subjective component, a prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions.  *Wilson v. Seiter*, 501 U.S. 294, 302–304, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  A prison official cannot be found liable under the Eighth

REPORT AND RECOMMENDATION - 8

Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

"Extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson*, 503 U.S. at 7. Unrelated conditions, each of which may satisfy Eighth Amendment requirements, cannot in combination amount to an Eighth Amendment violation. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.1986), *cert. denied*, 481 U.S. 1069 (1987). However, related conditions may be combined in determining whether there is a constitutional violation if they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth or exercise. For example, a low cell temperature at night combined with a failure to issue blankets. *Wilson v. Seiter*, 501 U.S. at 304.

Conditions that might be deemed cruel and unusual if they were permanent features of a prisoner's life may not offend the Constitution if they are imposed only temporarily. "A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 696–87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Thus, "[t]he circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.2006). "The more basic the need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir.1982); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir.1995).

REPORT AND RECOMMENDATION - 9

Here, Mr. Smith alleges only that he was in segregation for six days and that this resulted in a violation of his Eighth Amendment rights. He must provide additional factual allegations, however, to properly state an Eighth Amendment claim. For example, he must describe any inhumane conditions to which he claims he was subjected. He must plead facts relating to the nature, length, and severity of the claimed deprivation, and explain what happened, when it happened, and who was involved. He must also allege how the individual or individuals involved were aware of a substantial risk that he would suffer serious harm by the alleged deprivation.

The undersigned recommends that Plaintiff be given an opportunity to file an amended complaint to more fully plead this claim and that Defendants' motion to dismiss this claim be denied without prejudice.

**D.    First Amendment – Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which

REPORT AND RECOMMENDATION - 10

1  causes the plaintiff's deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

2  Sweeping conclusory allegations against an official are insufficient to state a claim for relief.

3  The plaintiff must set forth specific facts showing a causal connection between each defendant's

4  actions and the harm allegedly suffered by plaintiff.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

5  Cir. 1980); *Rizzo*, 423 U.S. at 371.

6          Mr. Smith alleges that Defendant Nikula falsely infracted him and that as a result, he

7  spent six days in segregation.  He also alleges that thereafter, he filed a grievance against her and

8  has not yet received a response to the grievance.  In his response to Defendants' motion to

9  dismiss, Mr. Smith alleges additional facts in support of this claim.  However, the Court's review

10  on a motion to dismiss is limited to the complaint.  In the complaint, Mr. Smith has fails to allege

11  facts sufficient to support a claim of retaliation.  For example, he must identify the particular

12  protected activity in which he was engaged, the unlawful "adverse action" taken against him, the

13  person or persons who took such action, and describe how the action by each such person or

14  persons was "because of" the protected activity.  In addition, Plaintiff must allege that the

15  adverse action chilled his exercise of First Amendment rights or that the conduct did not advance

16  legitimate correctional goals.  Plaintiff has only alleged that he was infracted, he was released,

17  and he filed a grievance which has gone unanswered.

18          The undersigned recommends that Plaintiff be given an opportunity to amend his

19  complaint to include factually specific allegations, if any, of retaliatory conduct.  Defendants'

20  motion to dismiss this claim should be denied without prejudice.

21  //

22  //

REPORT AND RECOMMENDATION - 11

**E.     Personal Participation of Defendants Glebe and Cherry**

In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a protected constitutional right. *Arnold*, 637 F.2d at 1355. To be liable for causing the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer* 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode,* 423 U.S. 362, 370-71, 375-77 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445 (1981); *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978). Meaning, a defendant cannot be held liable under § 1983 solely on the basis of supervisory responsibility or position. *Monell*, 436 U.S. at 694; *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Pena*, 976 F.2d at 471. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct[.]" *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.

REPORT AND RECOMMENDATION - 12

1984), *cert. denied*, 469 U.S. 845, 105 S. Ct. 156 (1984).  Absent some personal involvement by

the defendant in the allegedly unlawful conduct of subordinates, he cannot be held liable under §

1983.  *Johnson*, 588 F.2d at 743-44.

Defendants argue that Mr. Smith has named Defendants Glebe and Cherry in their

supervisory capacities only.  However, Plaintiff alleges that Defendants Glebe and Cherry are

individually responsible for the negligent hiring, training, and supervision.  Therefore, the

undersigned recommends that Defendants' motion to dismiss on this ground be denied.

An employer may be held liable for the negligent hiring, training, or supervision of an

employee when two elements are present.  First, the plaintiff must show that the employer knew,

or should have known through the exercise or ordinary care, that the employee was unfit.

Second, the plaintiff must show that retaining or failing to supervise the employee was a

proximate cause of the plaintiff's injuries.  *Betty Y. v. Al-hellou,* 98 Wash.App. 146, 988 P.2d

1031, 1032-33 (Wash.Ct.App. 1999); *Crisman v. Pierce County Fire Prot. Dist. No. 21,* 115

Wash.App. 16, 60 P.3d 652, 654 (2002).

Mr. Smith alleges that when he talked to Defendant Cherry about Defendant Nikula's

conduct, Defendant Cherry told him that "he was backing his officer" even though the

surveillance video disputed her allegations and showed that "she was lying."  *Id.*, p. 5.  Mr.

Smith sues Defendants Cherry and Glebe because they negligently hired, trained and supervised

Defendant Nikula.  *Id.*  Plaintiff claims that there is evidence that Defendant Nikula has similarly

targeted and falsely infracted inmates for approximately ten years but nothing has been done to

stop her.  *Id.*  Plaintiff alleges further that Defendants Cherry and Glebe were deliberately

indifferent in light of evidence that Defendant Nikula had received poor performance

REPORT AND RECOMMENDATION - 13

1    evaluations, grievances filed against her, and monetary awards awarded for her unconstitutional

2    conduct in the past. *Id.*

3           Mr. Smith must do more than allege illegal conduct; he must allege sufficient fact matter,

4    which accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556

5    U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly,* 550 U.S. 544,

6    570, 127 S.Ct. 1955 (2007).  Mr. Smith must allege facts that show each defendant knew, or

7    should have known through the exercise of ordinary care, that any particular employee was unfit

8    and that the retention or failure to supervise a particular employee was a proximate cause of an

9    injury to Mr. Smith.

10          Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss

11   on this ground be denied and that Mr. Smith be given an opportunity to submit an amended

12   complaint as to his claim of negligent hiring, training, and supervision.

13          As to the amended complaint, Plaintiff should include names, dates and the

14   circumstances surrounding his claim and state what constitutional right was allegedly infringed

15   and how each or any of the named defendants caused him harm by violating that constitutional

16   right.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall

17   allege with specificity the following:

18          (1)     the names of the persons who caused or personally participated in causing the

19   alleged deprivation of his constitutional rights;

20          (2)     the dates on which the conduct of each Defendant allegedly took place; and

21          (3)     the specific conduct or action Plaintiff alleges is unconstitutional.

22

23

24

25

26

REPORT AND RECOMMENDATION - 14

1     The amended complaint shall operate as a complete substitute to the present complaint.

2  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff

3  files an amended complaint, the original pleading or pleadings will no longer serve any function

4  in this case.

5     Plaintiff shall present his complaint on the form provided by the Court.  The amended

6  complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a

7  copy, it may not incorporate any part of the original complaint by reference, it must be clearly

8  labeled the "Amended Complaint", and must contain the same cause number as this case.

9  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation

10 pages as needed but may not attach a separate document that purports to be his amended

11 complaint.

12                        **CONCLUSION**

13     For the reasons stated above, the undersigned recommends the following:

14     (1)     Defendants' motion to dismiss (ECF No. 12) should be
**GRANTED as to** Plaintiff's due process claim only and this claim should be
**Dismissed With Prejudice.**

15     (2)     The remainder of Defendants' motion to dismiss (ECF No. 12)
should be **DENIED.**  Plaintiff should be allowed to submit an amended complaint
within twenty days of the Court's Order to plead facts, if any, to support his
claims of First Amendment (retaliation), Eighth Amendment (cruel and unusual
punishment), and negligent hiring, training and supervision claims.

16     (3)     This matter should be re-referred to the undersigned for further
proceedings.

17     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

18 Procedure, the parties shall have fourteen (14) days from service of this Report and

19 Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections

REPORT AND RECOMMENDATION - 15

will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 22, 2013,** as noted in the caption.

      **DATED** this ⎯6th⎯ day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16